Commonwealth *v.* Werner, Appellant.

Argued November 14, 1958. Before RHODES, P. J., HIRT, GUNTHER, and WATKINS, JJ. (WRIGHT, WOODSIDE, and ERVIN, JJ., absent).

*James F. Callahan,* for appellant.

*Samuel Strauss,* Assistant District Attorney, with him *William Claney Smith* and *E. T. Adair,* Assistant District Attorneys, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

Appellant, C. A. Werner, was convicted of violating the "Dental Law," the Act of 1933, May 1, P. L. 216, as amended, 63 P. L. 216, as amended, 63 P.S. sections 121 and 129, for engaging in the practice of dentistry without a license. Appellant was a dental technician whose normal occupation consisted of making dental plates and false teeth for dentists as per their requests.

On January 3, 1957, Della R. Schneider appeared at the office of appellant pursuant to an appointment made by telephone and she requested appellant to make her an upper plate. She was sent to appellant by Dr. Robert S. Davis, a retired dentist and an enforcement officer of the Department of Public Instruction, who previously had received information that appellant was practicing dentistry without a license. She testified that she made three calls at appellant's place of busi ness, during which time appellant made an impression of her gums, made a set of dentures and fitted the same. For this service, Werner charged and received the sum

of $50.00. Pursuant to an arrangement with Dr. Davis, Mrs. Schneider reported back to Dr. Davis the services performed by appellant and the charges made therefor. Pursuant to this information, appellant was indicted and convicted by a jury and was subsequently sentenced to pay a fine of $400.00, the costs of prosecution and undergo imprisonment for five months in the Allegheny County Workhouse. From this sentence an appeal was filed and the court below continued the bond pending disposition of this appeal.

The Dental Law, supra, provides that one who "fits, constructs and inserts any artificial appliance, plate, or denture for the human teeth or jaws or who holds himself . . . out as being able or legally authorized to do so" is engaged in the practice of dentistry. Section 11.1, as amended, 63 P.S. 130(b), however, recognizes the right of dental technicians to construct dentures and plates.

The defense in the court below and the sole question raised on this appeal is entrapment. Appellant testified in his own behalf that he did make the teeth as testified to by Mrs. Schneider, but that he did so only because she stated to him that her husband was ill and she could not afford going directly to a dentist. He further testified that at first he refused to treat Mrs. Schneider and advised her to go to a dentist; that she then broke down and became hysterical and that finally he relented and agreed to treat her and fit her with dentures. Mrs. Schneider denied all of these statements by appellant and the court below properly submitted the question of entrapment to the jury since the testimony was in direct conflict.

In *Commonwealth v. Kutler*, 173 Pa. Superior Ct. 153, 96 A. 2d 160, we stated: "'It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the com-

mission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises. . . . A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute.' " The test, therefore, is whether criminal design was created by the conduct of public officials, or whether the officials merely created an opportunity which a person already disposed to commit crime sought to exploit.

The evidence clearly does not sustain the charge of entrapment. By stipulation, it was admitted that appellant, at No. 401 October Sessions, 1954, entered pleas of guilty to six counts of practicing dentistry without a license. At No. 422 July Term, 1942, the Court of Common Pleas of Allegheny County restrained appellant from the practice of dentistry without a license, and on January 14, 1955, he was found guilty of criminal contempt. In addition, the evidence disclosed that while the denture in the instant case was being fitted, another lady was in appellant's chair and that he was fixing some teeth for her. Appellant testified that his standard charge for making a set of false teeth and plates ranged from $27.00 to $37.00 to dentists requesting his services, in this case he charged $50.00 for making an upper plate. It appears, therefore, that appellant was engaged in the acts prohibited at the very time he claims he was entrapped into performing services for Mrs. Schneider and that Mrs. Schneider was charged more for one upper plate than dentists were charged for making a complete set of plates. Significantly, the appointment for the making of the denture in question was made by telephone prior to any alleged act of entrapment.

No evidence was produced to show that Dr. Davis actively and corruptly implanted the idea of perpetrating the offense into the mind of appellant as one who was previously innocent of any criminal design. On the contrary, the evidence clearly shows that in the course of the investigation, an opportunity was presented to appellant to commit the crime charged. The fact that he did commit the crime because the opportunity to do so was created by a public official does not make out entrapment.

Judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.